**Berney T. WILBURN, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

**Appeal No. 84–1193.**

United States Court of Appeals, Federal Circuit.

March 13, 1985.

---

Joseph D. Gebhardt, Dobrovir & Gebhardt, Washington, D.C., argued for petitioner.

Sandra P. Spooner, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen., and David M. Cohen, Director, Washington, D.C.

Patricia Shebest Crockett, Office of the Chief Counsel, Research & Special Programs Adm'r, Dept. of Transp., Washington, D.C., of counsel.

Before DAVIS, BENNETT and NEWMAN, Circuit Judges.

BENNETT, Circuit Judge.

Berney T. Wilburn appeals the decision of the Merit Systems Protection Board, 19 M.S.P.R. 483 (1984), affirming the Department of Transportation's release of Wilburn from his competitive level by a demotion. We reverse and remand.

## BACKGROUND

In 1970 Wilburn began working as a transportation specialist, GS–2101–15, in the Office of Facilitation, Department of Transportation (DOT). Originally, this office was under one of the assistant secretaries of DOT. Subsequently, DOT shifted the Office of Facilitation to its newly created Research and Special Programs Administration (RSPA). In 1981 RSPA announced that it was abolishing the Office of Facilitation as part of an effort to meet its personnel ceiling. Wilburn accepted, under protest, RSPA's 6-grade demotion and reassignment as a transportation specialist to the Materials Transportation Bureau's Office of Hazardous Materials Regulation, effective September 20, 1981.

On June 9, 1982, DOT notified Wilburn that it was separating him by a second reduction in force, effective July 23, 1982. Wilburn filed a motion for ancillary proceedings, requesting that the board reopen the record in order to consider his claim that the latter reduction-in-force action was a reprisal for appealing his previous demotion. In a July 3, 1982 letter, the motion was denied on the grounds that the board did not have jurisdiction until the RIF became effective. See 5 C.F.R. § 1201.22(b) (1981). The board, however, informed Wilburn of his right to appeal once DOT effected the separation. Wilburn did not appeal his separation, and the 20-day time limit expired under the foregoing regulation.

On July 25, 1982, the board issued an initial decision affirming DOT's demotion of Wilburn in 1981. On February 23, 1984, the full board denied Wilburn's petition for review of the initial decision.

## DISCUSSION

Prior to the effective date of the 1981 reduction in force, DOT established three new GS–2101–15 positions in the Office of Emergency Transportation. DOT offered the positions to three of its employees whose positions in the Office of Facilitation were to be abolished. John Norris and Maurice Ronayne, who were in Wilburn's competitive level, accepted the positions. William Myers, who performed some duties similar to those of Wilburn, Norris and Ronayne, declined the position in favor of retirement. DOT immediately abolished the position declined by Myers and created another GS–2101–15 position in the Office of Emergency Transportation, offering it to another employee, Lloyd Milburn, who accepted it. Wilburn contends that DOT violated 5 C.F.R. § 351.201(b) (1981) by not offering him the vacant position after Myers declined it.

DOT asserts that the determination of whether to exclude the vacant position from consideration in the implementation of the reduction in force was a matter of unfettered agency discretion. Accordingly, DOT reasoned that it was not required to offer Wilburn the vacant GS–2101–15 position once Myers had declined it. However, 5 C.F.R. § 351.201(b) limits an agency's

discretion in filling a vacancy. The regulation dictates that once an agency "chooses to fill a vacancy by an employee who has been reached for release from his ... competitive level," the agency must follow the reduction-in-force regulations. In order to reflect properly the congressional concern for fairness, we strictly construe the regulation's limitation of agency discretion. To do otherwise would open the door to sham by manipulation of the reduction-in-force procedures. DOT does not contest the fact that Wilburn was qualified for the newly created vacant position; nevertheless DOT abolished the position once Myers had declined it, instead of offering it to Wilburn. In light of the fact that DOT created the vacant position prior to the effective date of the reduction in force, we must presume that DOT adequately considered the need for it as well as the relevant budgetary factors. Thus, DOT strongly appears to have abolished the newly created vacant position for reasons personal to Wilburn. In so concluding, we have considered, but reject, DOT's argument that it simply changed its mind about a need for the position and that to do so was within its discretion.

■ The legislative history of the Civil Service Reform Act of 1978 reveals that the purpose of 5 U.S.C. § 2301(b) (1982) is to protect employees against political coercion, discrimination, personal favoritism and unfair, arbitrary or illegal action. S.Rep. No. 95–969, 95th Cong., 2d Sess. 19 (1978); H.R.Rep. No. 95–1403, 95th Cong., 2d Sess. 4 (1978), U.S.Code Cong. & Admin. News 1978, 2723. 5 U.S.C. § 2301(a)(1) specifically requires an executive agency, such as DOT, to adhere to merit system principles. Section 2301(b)(2) provides in part:

> All employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management....

Accordingly, the linchpin of federal personnel management is fairness, i.e., employees who are similarly situated are entitled to similar treatment. *See Kellerman v. United States*, 504 F.2d 1128, 1133, 205 Ct.Cl. 484 (1974), *Smith v. United States*, 151 Ct.Cl. 205, 208 (1960). The notion of fairness is implicit in the reduction-in-force regulations. 5 C.F.R. § 351.201(b) reflects the congressional concern for fairness, limiting an agency's discretion in filling a vacancy during a reduction in force.

■ An agency has the burden of demonstrating to the board that its action is supported by a preponderance of the evidence, 5 U.S.C. § 7701(c)(1)(B); *Crispin v. Department of Commerce*, 732 F.2d 919, 921 (Fed.Cir.1984). DOT's assertion of absolute discretion does not satisfy its burden under the facts of this case. DOT's refusal to offer Wilburn the vacant position undercuts the merit system principles on which the Civil Service Reform Act of 1978 was founded. Accordingly, we reverse and remand for a reconsideration of the case in light of all pertinent regulations.

While we regard the other portions of the board's opinion with skepticism, in light of our foregoing discussion, we need not address Wilburn's other contentions of error.

A procedural matter remains. Wilburn has filed a motion with the court for leave to submit new evidence allegedly not available before the presiding official's decision was rendered and which, contrary to her conclusion, allegedly will show that a transfer of functions in fact took place and that his transfer rights were unlawfully denied. 5 C.F.R. § 351.302(c) (1981). The motion is denied as moot because of our resolution of the appeal on other grounds.

REVERSED AND REMANDED.