A. Marie PHILLIPS, Petitioner,

v.

**GENERAL SERVICES ADMINISTRATION,**
Respondent.

90–3228.

United States Court of Appeals,
Federal Circuit.

Oct. 25, 1990.

Peter B. Broida, Cohen, Broida & Associates, Arlington, Va., argued, for petitioner.

Anthony G. Anikeeff, Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before MARKEY, NEWMAN and CLEVENGER, Circuit Judges.

MARKEY, Circuit Judge.

Phillips appeals from a Merit Systems Protection Board (board) denial of her Motion For Compliance. We AFFIRM.

## I. BACKGROUND

The facts forming the background of this appeal are set out in *Phillips v. General Services Admin.*, 878 F.2d 370, 371–74, (Fed.Cir.1989), wherein this court held that the government wrongfully demoted Ms. Phillips and ordered the board to direct the General Services Administration (GSA) to restore her position, back pay, and benefits. The "Federal Times" newspaper published an article about the case entitled "Insubordination Ruled Invalid Where 'Check Was

In the Mail' ". The article recounted, with some editorializing, the facts appearing in this court's opinion.

GSA circulates a newsletter called "What's News" to its employees. One such newsletter, dated July 25, 1989, had appended to it copies of ten articles from various publications including a group of five from the "Federal Times". Within the "Federal Times" group was the "Insubordination" article.

Six weeks later, on September 12, 1989, the board issued an Order directing GSA to return Ms. Phillips to her former GS–13 position and to award her back pay and other benefits.

On September 18, 1989 Phillips filed a "Motion for Compliance" demanding that GSA publish a retraction of the "What's News" article, give Phillips a written apology, and notify all employees of GSA's commitment to employee privacy. The board denied the Motion and determined that it had no jurisdiction to consider whether circulation of the "What's News" article violated a merit systems "principle".

## II. ISSUE

Whether the board denial of Phillips' motion was arbitrary, capricious, otherwise not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1978).

## III. OPINION

██ Ms. Phillips argues that the GSA's circulation of the "What's News" article violated this court's mandate in *Phillips v. GSA* or the board's Order. The circulation, however, could not have violated either, for both occurred well after the date of the circulation.

██ Ms. Phillips contends that the return to the status quo required by the Order, *Kerr v. National Endowment for the Arts,* 726 F.2d 730, 733 (Fed.Cir.1984), necessitated board action to remedy "unwarranted" publicity. The board noted GSA's contention that Ms. Phillips was not harmed by the article because it was accurate and generally favorable to her in re-

porting this court's decision that she was wrongfully terminated. Indeed, GSA's circulation of a truthful newspaper article about a court decision involving its employee cannot be considered unwarranted. Moreover, Ms. Phillips' requested remedies suggest impossibility. Even if appropriate (and it is not), an apology for the circulation, if directed only to Ms. Phillips, would not counteract any effect of that circulation. An apology made public would only draw more of the attention Ms. Phillips says she does not want. A published retraction of the "What's News" article would also draw more attention. A notice to all GSA employees that was specific to Ms. Phillips would likewise further publicize the facts of the case. A notice that was not specific to Ms. Phillips would in no way counteract past publicity of her case.

██ Lastly, Ms. Phillips asserts that the board erred as a matter of law in holding that merit systems principles, 5 U.S.C. § 2301, do not in themselves provide an independent cause of action or an independent basis for jurisdiction and cannot be considered in the absence of a violated law, rule, or regulation. *Department of Treasury v. Federal Labor Relations Auth.,* 837 F.2d 1163, 1167–68 (D.C.Cir.1988). Merit systems principles can be used to interpret a law, rule, or regulation asserted to be violated by a government agency personnel practice. *Wilburn v. Department of Transp.,* 757 F.2d 260, 262 (Fed. Cir.1985). Contrary to Ms. Phillips assertion, *Wilburn* does not hold that a violation of merit systems principles can create a cause of action. In *Wilburn,* our decision was based on a violation of reduction-in-force regulations. Because the circulation of "What's News" was not a violation of a law, rule, or regulation, it did not constitute an action appealable to the board and the board correctly refused to consider whether the circulation may have violated a merit systems principle.

## IV. CONCLUSION

Ms. Phillips has failed to show that denial of her motion was arbitrary, capricious,

contrary to law, or unsupported by substantial evidence.

AFFIRMED.