95 F.3d 1166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carmen O. de RIVERA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3192.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1996.
 
 Before RICH, NEWMAN, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Carmen O. de Rivera petitions for review of a final decision of the Merit Systems Protection Board, Docket No. NY-3443-95-0712-I-1, dismissing her appeal for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 De Rivera was employed by the Department of Veterans Affairs (DVA) as a Supervisory Rehabilitation Specialist. In September 1994, she applied for the position of Vocational Rehabilitation and Counseling Officer in DVA's San Juan Regional Office. DVA informed de Rivera that she did not meet one of the required qualifications for the position, either a doctorate degree or one year's experience in a position in the same occupational series. De Rivera complained to the Office of Special Counsel (OSC), alleging that DVA had improperly applied qualification standards that were not yet in effect. De Rivera argued that DVA's actions constituted prohibited personnel practices in that DVA had willfully obstructed her right to compete for employment and prevented her from enjoying fair and open competition. After an initial inquiry, OSC found no merit in de Rivera's allegations and declined to pursue an investigation. In particular, OSC noted that the position qualifications applied to de Rivera had become effective in July 1994, two months before de Rivera applied for the desired position.
 
 
 3
 De Rivera appealed to the Merit Systems Protection Board. The administrative judge ordered de Rivera to address the question of the Board's jurisdiction. After de Rivera did not provide any response on the issue of jurisdiction, the administrative judge dismissed the case. The administrative judge noted that the Board does not have jurisdiction over an agency's decision not to select a particular applicant for a position. The administrative judge also found that the alleged prohibited personnel practices do not provide an independent source of jurisdiction. The Board denied de Rivera's petition for review.
 
 DISCUSSION
 
 4
 On appeal, de Rivera makes three arguments: that in failing to select her for the desired position the agency engaged in various prohibited personnel practices outlined in 5 U.S.C. § 2302(b) and violated a merit systems principle outlined in 5 U.S.C. § 2301; that the Board had jurisdiction under 5 U.S.C. § 1204(f)(2) to review the new agency qualifications; and that the new qualifications were not in effect at the time she applied for the desired position.
 
 
 5
 The Board's jurisdiction is limited to those actions made appealable to it by law, rule, or regulation. Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). The Board does not have jurisdiction over allegations of prohibited personnel practices unless those allegations are part of an individual right of action alleging reprisal for whistleblowing activities, Spruill v. Merit Sys. Protection Bd., 978 F.2d 679, 690-91 (Fed.Cir.1992), or are coupled with an independently appealable adverse action, Brodt v. Merit Sys. Protection Bd., 11 F.3d 1060, 1061 (Fed.Cir.1993). De Rivera does not allege that she engaged in whistleblowing; she alleges only that she was improperly not selected for the desired position. Because nonselection is not an independently appealable action, see 5 U.S.C. § 7512; Ellison v. Merit Sys. Protection Bd., 7 F.3d 1031, 1034 (Fed.Cir.1993); Tines v. Department of the Air Force, 56 M.S.P.R. 90, 93 (1993), the Board had no jurisdiction to determine whether DVA committed the alleged prohibited personnel practices. The Board also had no jurisdiction over DVA's alleged violation of a merit systems principle. See Phillips v. General Servs. Admin., 917 F.2d 1297, 1298 (Fed.Cir.1990).
 
 
 6
 De Rivera is correct that 5 U.S.C. § 1204(f)(2) grants the Board original jurisdiction to determine whether a regulation adopted by the Office of Personnel Management, either on its face or as implemented, resulted or would result in a prohibited personnel practice. While it is uncertain whether section 1204(f)(2) would provide a jurisdictional basis in a case such as this one, it is not necessary to reach that question, because de Rivera did not invoke that basis for jurisdiction before the Board and thus is precluded from asserting it now. See Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985) (Davis and Newman, JJ., concurring) (by failing to make clear to the Board that he was invoking regulation-review jurisdiction, petitioner could not invoke it on appeal).
 
 
 7
 Finally, de Rivera argues that the record is unclear whether DVA implemented the new qualifications for the desired position before or after it determined that she was not qualified. That question goes to the merits of whether DVA engaged in prohibited personnel practices or violated merit systems principles. As stated above, however, the Board may not rule on alleged prohibited personnel practices or merit systems principle violations absent an independent basis for jurisdiction. The administrative judge thus properly dismissed de Rivera's appeal for want of jurisdiction.