101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Albert A. WATERS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3291.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1996.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Albert A. Waters seeks review of the Merit Systems Protection Board's (MSPB or Board) initial decision of February 9, 1996, in Docket No. DC-3443-96-0270-I-1, which became the final decision of the Board pursuant to 5 C.F.R. § 1201.113(b).
 
 
 2
 In his appeal, Mr. Waters sues for back pay, alleging that a female employee in his agency was paid at a higher rate of pay than he received, although he was performing substantially similar work under similar working conditions, which required equal skill, effort, and responsibility. He based his right to recover on 5 U.S.C. § 2301(b)(2) and (3). Mr. Waters asserts that he was harmed because he had sustained a loss by not being permitted to apply for higher level positions.
 
 
 3
 The Board dismissed his appeal for lack of jurisdiction. We affirm, but on grounds different than those on which the Board based its action.
 
 DISCUSSION
 
 4
 The Board treated Mr. Waters' appeal as a classification dispute, and pursuant to the well established rule that the MSPB has no jurisdiction over cases concerning the proper classification of a position, the Board dismissed his appeal. See Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985). Because it had determined that Mr. Waters did not have an otherwise appealable matter, the Board held that it did not have jurisdiction to review his discrimination claim. Wren v. Merit Sys. Protection Bd., 681 F.2d 867 (D.C.Cir.1982).
 
 
 5
 In his brief to the court, Mr. Waters asserts that in his appeal to the Board he did not allege that his position was improperly classified nor did he allege discrimination on the basis of sex under the 5 U.S.C. § 2301. Having made these disclaimers, Mr. Waters bases his right to recover entirely on 5 U.S.C. § 2301, and particularly on subsection b(2), which provides that all employees and applicants for employment shall receive fair and equitable treatment in all aspects of personnel matters, and subsection b(3), which states that equal pay shall be provided for work of equal value.
 
 
 6
 In its reply, the government quotes statements made by Mr. Waters in his appeal to the Board and argues that he has erroneously attempted to characterize the issue in this case as one of equal pay rather than classification. We need not resolve this dispute; we agree with the government's alternative argument that alleged violations of the merit systems principles set forth in 5 U.S.C. § 2301 cannot create an individual cause of action or an independent basis for the jurisdiction of the Board. This court so held in Phillips v. General Serv. Admin., 917 F.2d 1297, 1298 (Fed.Cir.1990).[1] In Phillips, we cited Department of Treasury v. Federal Labor Relations Auth., 837 F.2d 1163, 1167 (D.C.Cir.1988). In Department of Treasury, the D.C. Circuit noted that section 2301(b) states that "federal personnel management should be implemented consistent with the system principles" set forth in the statute. The D.C. Circuit also observed that section 2301(c) provides that the President shall take any action, "including the issuance of rules, regulations, or directives that he deems necessary to insure that personnel management is based on and embodies the merit systems principle." The court then concluded that the statute seems to contemplate that regulations issued pursuant to section 2301, "rather than the vague principles it contains, would form the operative basis for claims arising under that section."
 
 
 7
 The appellate jurisdiction of the Board is limited to the matters specifically conferred on it by statute or regulation. 5 U.S.C. § 7701(a) (1982). The Board's appellate jurisdiction is set forth in 5 C.F.R. § 1201.3 (1996). There is nothing in that regulation which gives the Board jurisdiction over claims based on alleged violations of the 5 U.S.C. § 2301. Mr. Waters has not cited any other regulation nor have we found one which supports his position.
 
 
 8
 Because the petitioner has failed to establish a basis for the Board's jurisdiction, the decision of the Board is AFFIRMED.
 
 
 
 [1]
 Clymore v. Farr-Mar-Co., Inc. relied upon by Mr. Waters involved a suit by the employee of a private business. Therefore, we find that the decision is inapplicable to suits by a government employee whose right of action is governed by the statutes and regulations relating to him