101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Calvin J. WEBER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3320.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Dec. 26, 1996.
 
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Calvin A. Weber petitions for review of a final decision of the Merit Systems Protection Board, Docket No. CH-3443-96-0493-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Weber was employed by the Department of the Army until 1993. His security clearance was revoked because he was found to have made an unauthorized release of classified information to the media, and he was subsequently removed from his position because the position he occupied required a security clearance. He has since filed a number of appeals with the Merit Systems Protection Board relating to the revocation of his security clearance and his subsequent removal. In the appeal leading to this case, Weber alleged that the Army violated its regulations during the investigation that led to the revocation of his security clearance. The Army moved to dismiss Weber's appeal for lack of jurisdiction, and the administrative judge granted the motion. Because Weber did not petition the full Board for review, the administrative judge's decision became the final decision of the Board.
 
 DISCUSSION
 
 3
 Weber argues that the Board has jurisdiction to review the constitutional violations that the agency allegedly committed during the course of the investigation of his release of classified material.
 
 
 4
 The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a). Improper conduct by an agency in the course of conducting an investigation is not among those agency actions that the Board has jurisdiction to review.
 
 
 5
 Weber argues that the agency's conduct constituted a prohibited personnel practice within the scope of 5 U.S.C. § 2302(b). That statute, however, does not grant the Board power to review complaints that an agency has taken action inconsistent with those practices. See Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985) (section 2302(b) does not provide an independent source of jurisdiction before the Board); Phillips v. General Servs. Admin., 917 F.2d 1297, 1298 (Fed.Cir.1990) (violation of a merit system principle, even an alleged constitutional violation, does not create a direct cause of action before the Board).
 
 
 6
 Weber cites Saul v. United States, 928 F.2d 829 (9th Cir.1991), in support of his claim that the Board may hear such cases. Saul, however, holds only that an employee may complain of a prohibited personnel practice to the Office of Special Counsel, which may then petition the Board for relief. Saul does not hold that a federal employee may appeal to the Board in the first instance based on claims of prohibited personnel practices. 928 F.2d at 833. Because Weber has not pointed to any law, rule, or regulation that provides him a right to take a direct appeal to the Board on his claims of procedural irregularity in the agency's investigation, we affirm the Board's dismissal of his appeal for lack of jurisdiction.