**Karen P. FARGO, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 03–3172.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 9, 2003.

Rehearing En Banc Denied Feb. 18, 2004.

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Karen P. Fargo ("Fargo") appeals a final decision of the Merit Systems Protection Board ("the Board") dismissing Fargo's appeal of her reassignment within the Social Security Administration ("SSA"). Because we agree that the Board did not have jurisdiction over Fargo's claim, we *affirm*.

## BACKGROUND

Fargo is employed at the SSA office in Chicago. In a letter dated September 16, 2002, the SSA informed Fargo that she had been reassigned from the position of Social Insurance Specialist, Management Support Specialist, to the Service Delivery and Analysis Unit as a Management and Program Analyst, Direct Service Analyst. The transfer, effective October 6, 2002, did not affect her grade level, step, or basic pay rate. In response to the reassignment, Fargo filed an appeal with the Board on October 21, 2002, claiming that she was demoted, subjected to a performance-based removal, or subjected to a suitability determination.

On November 29, 2002, the administrative judge dismissed Fargo's appeal for lack of jurisdiction. *Fargo v. SSA*, Initial Decision, Docket No. CH3443030057–I–1, 93 M.S.P.R. 376, 2003 WL 230721. In particular, the administrative judge found that Fargo failed to prove, by a preponderance of the evidence, that the Board had jurisdiction. "Absent a claim of retaliation for whistleblowing, there is no law, rule, or regulation providing for the appeal of a reassignment from one position to another position at the same grade and pay." *Id.* at 4. Because Fargo had been reassigned, not "removed" or demoted, the administrative judge found that the Board did not possess jurisdiction.

On January 29, 2003, the full Board dismissed Fargo's petition for review. *Fargo v. SSA*, Final Decision, Docket No. CH3443030057–I–1 2003 WL 230721. Fargo timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our judicial review for decisions by the Board is narrowly defined by statute. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). Whether the Board had jurisdiction to hear Fargo's appeal is a question of law that we review *de novo*. *Butler v. SSA*, 331 F.3d 1368, 1371–72 (Fed.Cir.2003).

On appeal, Fargo argues that the Board improperly dismissed her claims based on lack of jurisdiction. Particularly, she asserts that the Board should exercise jurisdiction over her allegations of libel, due process violations, and violations of merit system principles. Suggesting a balancing approach, Fargo argues that her interest in being free from such violations outweighs any interest in limiting the Board's jurisdiction. In addition, the Board should exercise jurisdiction, according to Fargo, because her reassignment amounted to an "effective" or "constructive" demotion. Finally, Fargo urges us to adopt the approach in *Dahm v. Flynn*, 60 F.3d 253 (7th Cir.1994), which found that a qualitative

change in job responsibilities could amount to an "adverse employment action."

By statute, Congress has limited the Board's jurisdiction. "An employee ... may submit an appeal to the [Board] from any action which is appealable to the Board under any law, rule or regulation." 5 U.S.C. § 7701(a). The law specifically grants employees the right to appeal certain adverse actions taken by an agency. For example, the Board has jurisdiction to hear an appeal from: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. *Id.* §§ 7512, 7513. Employees may also appeal a removal or reduction in grade for unacceptable performance. *Id.* § 4303(e).

In light of these statutory limitations, this court has previously determined that the Board does not have jurisdiction over an appeal from the reassignment of an employee to a position with the same grade and pay as the former position. *Maddox v. MSPB*, 759 F.2d 9, 10 (Fed.Cir. 1985) (ruling under 5 U.S.C. § 7512); *see also Artmann v. Dep't of the Interior*, 926 F.2d 1120, 1122 (Fed.Cir.1991) (holding that the Board "does not have jurisdiction over reassignments not constituting a reduction in grade or pay, even though the reassignment reduces the employee's status, duties, or responsibilities"); *Pierce v. MSPB*, 242 F.3d 1373, 1374–75 (Fed.Cir. 2001).

Here, the facts clearly demonstrate that Fargo was reassigned to a different position without a change in grade level, step, or salary. She was not demoted or removed. Thus, the administrative judge properly refused to exercise jurisdiction over Fargo's appeal under § 7512. In addition, absent an independent statutory basis to assert jurisdiction, we do not address Fargo's contentions on appeal regarding libel, due process violations, and violations of merit-system principles. Finally, as to the alleged violations of merit system principles, we have previously held that such allegations do not, standing alone, provide an independent basis for Board jurisdiction. *See Phillips v. Gen. Servs. Admin.*, 917 F.2d 1297, 1298 (Fed.Cir.1990).

We reject Fargo's suggestion that this court adopt a balancing approach that would authorize the Board to exercise jurisdiction on a case-by-case basis where the Board determines that the employee's interests outweigh the agency's interests in management flexibility. Congress itself has already engaged in this type of interest balancing in developing the current statutory scheme. *See Lovshin v. Dep't of the Navy*, 767 F.2d 826, 832 (Fed.Cir. 1985). In so doing, it specifically limited the Board's jurisdiction to certain types of adverse actions, not including reassignments. We are not in a position to alter the statutory scheme developed by Congress.

With respect to Fargo's allegation that her reassignment amounted to an "effective" or "constructive" demotion, the administrative judge properly dismissed these claims as well. First, Fargo's reassignment does not meet the narrow exception of a "constructive demotion." To establish a constructive demotion Fargo must show: (1) that she was reassigned out of a position that is subsequently upgraded, either because of a new classification standard or the correction of a classification error; and (2) that she met the requirements for promotion at the time of the reassignment. *See Walker v. Dep't of the Navy*, 106 F.3d 1582, 1584 (Fed.Cir. 1997). Fargo makes no such allegations here; therefore, we find that she has not satisfied her burden of proving jurisdiction under the limited "constructive demotion" exception.

As mentioned above, Fargo also argues that her reassignment amounts to an "effective" demotion because her job responsibilities were adversely affected. Specifically, she submits that her current position requires tedious, monotonous, and repetitive duties, and does not include a supervisory role or offer the same potential for promotion. Essentially, she asks this court to broaden the constructive demotion exception to encompass her claims. We decline to do so. *See McEnery v. MSPB*, 963 F.2d 1512 (Fed.Cir.1992) (refusing to expand the constructive demotion exception to encompass a claim that reassignment would foreclose future pay raises, and finding that a reduction in responsibility is not an effective demotion).

Finally, Fargo cannot properly rely on *Dahm v. Flynn*, 60 F.3d 253 (7th Cir. 1994). *Dahm* dealt with an employee's claim that a change in job responsibilities amounted to an "adverse employment action" under 42 U.S.C. § 1983. The holding in *Dahm*, however, can be distinguished because it deals with a caselaw-defined concept of "adverse action," not with the Board's jurisdiction, which is specifically defined—and thereby limited—by statute.

Because Fargo does not appeal her initial claims that she was subjected to a performance-based removal and a suitability determination, we do not address the rejection of those claims. *See Hannon v. Dep't of Justice*, 234 F.3d 674, 680 (Fed. Cir.2000).

## CONCLUSION

We find that the Board's decision was not arbitrary, capricious, an abuse of discretion, or obtained without proper procedures being followed, and was supported by substantial evidence. Thus, the Board's decision to sustain the administra-tive judge's dismissal of Fargo's appeal is affirmed.