NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3133

ANNA MILLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: September 7, 2006

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and ELLIS,[*] <u>District Judge</u>.

PER CURIAM.

## DECISION

Petitioner Anna Miller appeals from a decision of the Merit Systems Protection Board ("Board"), Docket No. CH-0752-05-0734-I-1, dismissing her case for lack of jurisdiction. <u>Miller v. Dep't of Veterans Affairs</u>, 2005 MSPB LEXIS 5768 (2005). We agree that the Board lacks authority under 5 U.S.C. § 7513(d) to hear petitioner's appeal. As the Board also lacks jurisdiction under 5 U.S.C. § 1221 because petitioner fails to state a whistleblower claim under 5 U.S.C. 2302(b)(8), we <u>affirm</u>.

_____

[*] Honorable T.S. Ellis, III, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

The underlying facts of this case were previously set forth in petitioner's related appeal. Miller v. Office of Pers. Mgmt., 99 M.S.P.R. 104 (2005), aff'd, 449 F.3d 1374 (Fed. Cir. 2006). Briefly, petitioner was employed as a registered nurse for the Department of Veterans Affairs ("DVA") until January 5, 1991, when she was removed because she was unable to perform her duties due to a physical disability. In April 2002, petitioner was paid $98,723.67 in retirement annuity benefits that had accrued from January 6, 1991 to March 30, 2002. Later that year, she elected life insurance coverage which gave rise to a retroactive premium charge. During the course of the aforementioned appeal concerning the overpayment of $8,510.82 in annuity benefits, petitioner alleged that her removal was improper. This allegation was forwarded to the Central Regional Office for docketing as an adverse action appeal against the DVA on July 6, 2005, although the Board noted that it was unlikely to have jurisdiction. Miller, 99 M.S.P.R. at ¶ 1, n.1.

On July 8, 2005, the Central Regional Office acknowledged receipt of the forwarded appeal and notified petitioner that she had the burden of establishing that the Board had jurisdiction by filing a response within 15 days. The administrative judge ("AJ") subsequently extended this deadline twice and explicitly warned petitioner that if she requested a third continuance, she would need to supply medical evidence of her incapacity and explain why she was unable to prosecute her appeal.

On August 3, 2005, the DVA moved to dismiss the appeal. It appended a statement of undisputed facts—which had been submitted during prior litigation between the parties in the United States District Court for the Central District of Illinois—

and argued that because petitioner was a registered nurse appointed under the authority of 38 U.S.C. § 4101(1), now known as 38 U.S.C. § 7401(1),[1] the Board did not have jurisdiction pursuant to 5 U.S.C. § 7511(b)(10).[2]

On August 30, 2005, the AJ simultaneously denied petitioner's third request for an extension of time and dismissed the appeal for lack of jurisdiction. The AJ relied upon the "undisputed evidence" in the record that petitioner had been appointed under 38 U.S.C. § 7401(1) and, as such, had "no right of appeal to the Board from a removal action." Miller, 2005 MSPB LEXIS 5768, at *2.

Petitioner sought review of the AJ's decision, complaining that she was not granted enough time to respond and arguing that the Board had jurisdiction pursuant to 5 U.S.C. § 2105(f).[3] In her reply papers, petitioner conceded that she had no right to appeal to the Board under 5 U.S.C. § 7511(b)(10), but asserted that she did have the right to appeal under 5 U.S.C. § 2302.

On November 18, 2005, the Board denied further review, rendering the AJ's decision final. A timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. 1295(a)(9).

---

[1] On May 7, 1991, the statutory provisions concerning the employment of health-care employees by the DVA were reorganized. Appointments previously made under § 4101(1) are now made under § 7401(1). Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub. L. No. 102-40, 105 Stat. 187, 222 (1991).

[2] This section excludes persons employed within the Veterans Health Administration, unless appointed under 38 U.S.C. § 7401(3), from the statutorily-defined group of "employees" entitled to appeal adverse actions to the Board.

[3] This section provides that "[f]or purposes of [5 U.S.C.] sections 1212, 1213, 1214, 1215, 1216, 1221, 1222, 2302, and 7701, employees appointed under chapter 73 or 74 of title 38 shall be employees." Significantly, § 7513 is not included in this list.

DISCUSSION

The Board's jurisdiction is limited to agency actions for which the right to appeal is specifically granted by "law, rule, or regulation." 5 U.S.C. § 7701(a). Petitioner has the burden of proving that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).

Whether the Board has jurisdiction over an appeal is a question of law we review de novo. Hayes v. U.S. Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004). Statutory or regulatory interpretation is also reviewed de novo. Kindall v. Office of Pers. Mgmt., 347 F.3d 930, 932 (Fed. Cir. 2003). Otherwise, our review of Board decisions is limited to determining whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

As a preliminary matter, we find that the AJ did not abuse his discretion in denying petitioner's request for a third extension of time. Although petitioner submitted medical evidence documenting her incapacity, she admits that she neglected to explain how it prevented her from prosecuting her appeal.

On the merits, petitioner does not dispute that she was appointed under 38 U.S.C. § 7401(1). She further concedes that the Board lacks authority under 5 U.S.C. § 7513(d) to hear her appeal. Instead, she asserts a right to appeal her removal to the Board because it was a prohibited personnel practice under 5 U.S.C. § 2302. Section 2302(b), however, "is not an independent source of appellate jurisdiction and does not itself authorize an appeal." Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed.

Cir. 1985). No other statute confers Board jurisdiction over violations of § 2302(b), with one exception. Yet, while the Board would have jurisdiction pursuant to 5 U.S.C. § 1221 to hear a claim of reprisal for whistleblowing activity in violation of 5 U.S.C. § 2302(b)(8), petitioner has not stated such a claim. Indeed, petitioner does not even assert a violation of this particular subsection of § 2302 and the facts alleged in her papers do not support a whistleblower claim.

Likewise, the merit systems principles set forth in 5 U.S.C. § 2301 do not create a cause of action or establish Board jurisdiction. Phillips v. Gen. Servs. Admin., 917 F.2d 1297, 1298 (Fed. Cir. 1990). Nor do the other statutes referenced in petitioner's briefs—i.e., 38 U.S.C. § 7426 or 38 U.S.C. § 7463(a)(2)—grant the Board jurisdiction to hear her appeal.