DYK, Circuit Judge,
dissenting.
The majority in this case refuses to address petitioner’s claim that he was suspended without reasonable cause because, in briefing the issue, petitioner relied on decisions of this court which, in the majority’s view, improperly relied on 5 U.S.C. § 7513(b) as the source of the reasonable cause requirement. In my view, the majority improperly declines to follow prior decisions of this court and unfairly faults the petitioner for relying on those prior decisions. I respectfully dissent.
I
Our prior decisions have recognized that, while the statute provides that agencies may suspend employees as a disciplinary measure, see 5 U.S.C. § 7512 (2000), it makes no specific provision for indefinite suspensions during investigations. See Richardson v. U.S. Customs Serv., 47 F.3d 415, 419 (Fed.Cir.1995). We have nonetheless held that agencies have the authority to indefinitely suspend employees, at least pending the outcome of criminal investigations, but that such suspensions are adverse actions appealable to the Board. See Dunnington v. Dep’t of Justice, 956 F.2d 1151, 1153-54 (Fed.Cir.1992). If the criminal charges are dismissed, the employee must be reinstated, but the reinstatement does not confer the right to an award of back pay. See Richardson, 47 F.3d at 421. We have also held that employees suspended pending a criminal investigation are not entitled to the usual 30 days advance notice of the indefinite suspension adverse action. See Morrison v. Nat’l Sci. Found., 423 F.3d 1366, 1369 (Fed.Cir.2005). This is because the provisions of § 7513(b)(1), which apply to all adverse actions, state that “[a]n employee against whom an action is proposed is entitled to — (1) at least 30 days’ advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action.” 5 U.S.C. § 7513(b).
In this case, the employee alleged that he had been indefinitely suspended without reasonable cause and sought to recover back pay during the period of the suspension. The arbitrator rejected the claim. He found that “[njowhere in the proposal or decisions [sic] letters did the Agency allege or maintain it had reasonable cause to believe [Perez] had committed a crime for which a sentence of imprisonment may be imposed.” Pet’r App. 15. However, the arbitrator did not decide whether the agency had reasonable cause for the suspension. Instead, he concluded that all of the elements of § 7513 had been satisfied because 30 day notice was provided and that “[n]othing more is required under this federal statute.” Id. at 13.
II
Since 1993 we have repeatedly stated that reasonable cause is required for all *1315 indefinite suspensions. The District of Columbia Circuit in Brown v. Department of Justice, 715 F.2d 662 (D.C.Cir.1983),[1] also reached the same conclusion. Perez here urges that these cases are inconsistent with the arbitrator’s decision. I agree.
We first articulated the reasonable cause requirement in Pararas-Carayannis v. Department of Commerce, 9 F.3d 955 (Fed.Cir.1993), where we sustained the Department of Commerce’s indefinite suspension of an employee because there was reasonable cause.[2] We concluded that “[i]n order for the MSPB to sustain an indefinite suspension, the agency must establish by a preponderance of the evidence that it had reasonable cause to believe the employee committed a crime for which imprisonment may be imposed.” Id. at 957. In clarifying the standard, we noted that “[i]n cases such as this, decisions of the MSPB have applied the same standard to the agency’s decision to waive notice and the agency’s decision to suspend.” Id. at 957 n. 4.
Following Pararas-Carayannis, in Richardson we confirmed that reasonable cause was required to indefinitely suspend an employee. There we acknowledged that the statute provides a “paucity of Congressional direction” thus requiring the “courts of necessity [to] fill ... in some of the missing parts.” Richardson, 47 F.3d at 419. We read the statute “as establishing an independent standard for a limited adverse action,” namely that an agency may suspend an employee when there is “reasonable cause for an agency to believe that the employee has committed ... a crime, and, when the nature of the crime alleged relates to the employee’s ability to perform his or her duties.” Id. Finally, in Morrison, we noted that the question “whether there was reasonable cause ... to believe a crime had been committed and whether the agency properly could have suspended” the employee was not before the court. Morrison, 423 F.3d at 1369. But we reiterated that:
While 5 U.S.C. § 7513(b)(1) refers only to the agency’s decision to waive the thirty-day notice period when proposing an adverse action, the same standard— that there is reasonable cause to believe the employee committed a crime for which a sentence of imprisonment may be imposed — has been applied as well to the agency’s decision to impose an indefinite suspension.
Id. at 1368-69 n. *.
The District of Columbia Circuit’s decision in Broum, 715 F.2d 662, construed the statute in the same way. In that case, the court rejected the employee’s claim that he had been improperly suspended based on an indictment for criminal conduct. Id. at 667. In finding that a substantive reasonable cause requirement exists, the District of Columbia Circuit reasoned that “[i]f ‘reasonable cause to believe the employee has committed a crime’ were not a substantive basis for suspension, it would be superfluous to include a special notice provision for that situation.” Id. at 666. The court concluded that “we believe an agency *1316 can justify its suspension of an employee by proving that it had reasonable cause to believe the employee had committed a work-related crime.” Id. at 667. However, it held that “once an employee is indicted on job-related charges ... an agency has the ‘reasonable cause’ to justify suspending an employee.” Id.
While § 7513(b)(1) standing alone does not compel a reasonable cause requirement, it seems to me quite clear that § 7513 assumes the existence of a reasonable cause requirement. In any event, I do not read our cases or Brown as resting primarily on an interpretation of § 7513(b)(1). In my view, our earlier cases rest on a bedrock principle of administrative law, reflected in the Administrative Procedure Act (“APA”), 60 Stat. 237 (1946), 5 U.S.C. §§ 701-706 (2000), and in cases long predating the APA, that agencies cannot engage in arbitrary action and that arbitrary action will be invalidated on judicial review. See 5 U.S.C. § 706; see, e.g., Am. Tel. & Tel. Co. v. United States, 299 U.S. 232, 236-37, 57 S.Ct. 170, 81 L.Ed. 142 (1936). Those principles are incorporated into the Civil Service Reform Act of 1978 (“CSRA”), 5 U.S.C. § 1201 et seq., itself in the general merit system principles set forth in § 2301. See 5 U.S.C. § 2301 (2000). Section 2301 provides that “[ejmployees should be protected against arbitrary action, personal favoritism, or coercion for partisan political purposes.” Id. § 2301(b)(8)(A). The legislative history of the CSRA illustrates the importance of these principles in governing agency actions by stating that § 2301 “places on federal agencies ... an affirmative mandate to adhere to merit system principles.” S.Rep. No. 95-969, 19, 1978 U.S.C.C.A.N. 2723, 2741 (July 10, 1978). Moreover, it is the role of the MSPB to “safeguard[ ] the effective operation of the merit principles in practice.” Id. at 6, 1978 U.S.C.C.A.N. at 2728.
We have held that the principles themselves do not create an independent cause of action when there is an adverse action. See Phillips v. Gen. Servs. Admin., 917 F.2d 1297, 1298 (Fed.Cir.1990). Nonetheless, when the statute provides jurisdiction over an adverse action, the agency’s decision must be consistent with these merit system principles. In Wilburn v. Department of Transportation, 757 F.2d 260, 262 (Fed.Cir.1985), we specifically held that an adverse action that was inconsistent with the principles had to be set aside. We stated that “the purpose of [§ 2301] is to protect employees against political coercion, discrimination, personal favoritism and unfair, arbitrary or illegal action” and noted that “the linchpin of federal personnel management is fairness.” Id. Thus, we set aside the arbitrary agency action because it “undercut ] the merit system principles on which the [CSRA] was founded.” Id.; Phillips, 917 F.2d at 1298 (“Merit systems principles can be used to interpret a law, rule, or regulation asserted to be violated by a government agency personnel practice.”). Indeed, at oral argument, government counsel conceded that the government “absolutely [could] not” “suspend [someone] indefinitely ... arbitrarily.”
An action taken without reasonable cause is plainly an arbitrary action. For example, when determining whether the government acted arbitrarily in reviewing bids for government contracts, this court has stated that government conduct is arbitrary when there is an “absence of a reasonable basis for the government decision.” Ctr. Ark. Maint., Inc. v. United States, 68 F.3d 1338, 1342 n. 4 (Fed.Cir.1995); see Keco Indus., Inc. v. United States, 203 Ct.Cl. 566, 492 F.2d 1200, 1203-04 (1974).
Here the arbitrator had jurisdiction over Perez’s indefinite suspension. He was *1317 thus obligated to determine whether the suspension was arbitrary and erred in declining to address whether the agency had reasonable cause.
III
The majority’s response is, in my view, untenable. First, the majority dismisses the statements in our prior cases and in Brown as mere dictum on the theory that in each case less than 30 days notice was provided. The majority states that Perez “relies primarily on broad general statements in four of our opinions which, taken out of context, appear to support his view. In each of those four cases, however, the suspended employee was given less than 30-days notice, so that the suspension could be sustained only if the reasonable cause requirement was satisfied.” Maj. Op., 1312. The majority also concludes that the clear statements in our cases, to the effect that reasonable cause is required in all situations, are based on a misconstruction of the statute because § 7513(b)(1) itself does not impose a reasonable cause requirement.
The majority has no authority to overrule our prior panel decisions even if they relied on the wrong provision of the statute (which, in my view, the prior decisions did not). See Hometown Fin., Inc. v. United States, 409 F.3d 1360, 1365 (Fed.Cir.2005). Those decisions cannot be dismissed as “dictum.” At a minimum, our decisions in Pararas-Carayannis and Richardson hold that reasonable cause is required in all cases.
Second, the majority appears to agree that there may in fact be a reasonable cause requirement imposed by other provisions of the statute, but the majority states that “the provision on which [Perez] relies is not applicable here.” Maj. Op. 8. However Perez clearly raised the reasonable cause issue. Perez squarely asked this court to decide “whether the ‘reasonable cause’ standard should be applied to indefinite suspensions” and “whether the [Bureau] satisfied that standard in this case.” Pet’r Br. 2. He stated that this court has established “clear precedents ... regarding reasonable cause requirements for an indefinite suspension” and argued that the facts of his case “clearly [do] not satisfy the reasonable cause standard established by the Federal Circuit.” Pet’r Br. 15, 19.
The majority appears to be saying that petitioner’s mistake was relying on our prior cases because those cases, in turn, improperly relied on § 7513(b) as the source of the reasonable cause requirement. Even if those decisions could be disregarded by the panel, I think it is profoundly unfair to hold that the employee did not properly raise the reasonable cause requirement because he relied on our prior decisions that, in the majority’s view, cited the wrong section of the statute. The majority itself recognizes that those decisions contain explicit language requiring reasonable cause. As the First Circuit recently stated, when the law is “poorly developed and confusing,” “a litigant is not expected to guess just how a court will explain its result.” Broadley v. Mashpee Neck Marina, Inc., 471 F.3d 272, 276-77 (1st Cir.2006); see also England v. La. State Bd. of Med. Exam’rs, 375 U.S. 411, 422-23, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).
Because in my view the arbitrator erroneously found that there was no reasonable cause requirement, I would vacate and remand for further proceedings under the correct standard.

. The District of Columbia Circuit had jurisdiction over the appeal because the petition for review was filed on June 30, 1982, before The Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, § 144, 96 Stat. 45 (codified at 5 U.S.C. § 7703(b)(1) (1982)), which granted this court exclusive jurisdiction over appeals from MSPB decisions, became effective. Brown, 715 F.2d at 664 n. 1.

. We concluded that ''[tjhe agency's reliance on the criminal charge, the detailed information in the affidavit, and the subsequent indictment was sufficient to support a conclusion that a reasonable cause existed to believe that petitioner committed a crime for which he was subject to imprisonment.” Pararas-Carayannis, 9 F.3d at 958.