NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3289

JEFFREY WHEATON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Jeffrey Wheaton, of Toto, Guam, pro se.

Raymond W. Angelo, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3289

JEFFREY WHEATON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF3443070042-I-1.

_____

DECIDED:  January 11, 2008

_____

Before RADER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Jeffrey Wheaton appeals the final decision of the Merit System Protection Board ("Board") denying his petition for review of the initial decision of the administrative judge dismissing his appeal for lack of jurisdiction.  <u>Wheaton v. Dep't of Agric.</u>, No. SF3443070042-I-1 (M.S.P.B. June 7, 2007).  We <u>affirm</u>.

## BACKGROUND

Mr. Wheaton has been employed by the U.S. Department of Agriculture ("USDA") since November 11, 1984.  On April 7, 1994, he accepted a position as a project engineer in Saipan, Northern Marianas Islands and signed a three-year service

agreement. Then, on January 21, 1996, he was selected for a supervisory position in Guam, and he signed a new three-year service agreement. Thereafter, he signed two-year renewal agreements on August 13, 1997; October 13, 2000; March 12, 2003; and June 5, 2005.

Prior to the time that Mr. Wheaton signed his last renewal agreement, Merit Promotion Plan, General Manual ("GM") 360 was in effect. Part 408-90 of GM 360 provided that an employee selected through merit promotion to an assignment in Guam had return rights, i.e., he could return to a similar position within the agency at his same grade level in his designated place of residency, if such a position were available, or otherwise to a position in any of the forty-eight contiguous states. An employee assigned to Guam also received tour renewal travel.

On May 22, 2006, the USDA abolished GM 360, Part 408-90. By letter dated October 2, 2006, the USDA advised Mr. Wheaton that the policy granting return rights was abolished effective May 22, 2006, and that he would only be granted return rights if he exercised such rights immediately upon completion of his two-year renewal agreement and that he must elect to exercise those rights no later than six months prior to expiration of the agreement. The letter stated: "Failure to respond to this notice will result in the agency initiating action to return you to the contiguous U.S." The letter further informed Mr. Wheaton that he would no longer be granted tour renewal travel.

Mr. Wheaton responded with a letter to the Board stating that he refused to sign the form indicating whether he would exercise his return rights or remain in his current position.

The Board treated Mr. Wheaton's letter as a petition for appeal. The administrative judge issued an acknowledgment order stating that Mr. Wheaton appeared to be challenging the USDA's policy on return rights, an action which is not appealable to the Board. The Board then ordered Mr. Wheaton to file evidence and argument to prove that the action was within the Board's jurisdiction.

After Mr. Wheaton filed his submission, the USDA moved to dismiss the appeal for lack of jurisdiction. On January 29, 2007, the administrative judge issued his initial decision dismissing the appeal for lack of jurisdiction. On June 7, 2007, the Board denied Mr. Wheaton's petition for review and the initial decision became the final decision of the Board.

## DISCUSSION

We must affirm the decision by the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994). The Board's jurisdiction is a matter of law, which we review de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).

Mr. Wheaton avers that the Board erred by: (1) requiring that he prove jurisdiction by a preponderance of the evidence; (2) denying jurisdiction despite his allegations that he had been subjected to action appealable to the Board; and (3) failing

to enforce discovery and thereby preventing him from obtaining evidence to prove jurisdiction.[1]

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.3(a) (2006); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc). Mr. Wheaton, as the appellant, has the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. 1201.56(a)(2)(i); Garcia, 437 F.3d at 1330. Although Mr. Wheaton argues that the facts of Garcia are distinguishable from the facts here, Garcia is binding precedent with regard to the Board's jurisdiction, who has the burden of proving jurisdiction, and the standard of proof required. Hence, we find no error in the Board's determination that Mr. Wheaton bears the burden of proof of jurisdiction by a preponderance of the evidence.

Mr. Wheaton acknowledges that the Board's jurisdiction is governed by 5 U.S.C. § 7701(a). Nevertheless, he argues that the regulation, 5 C.F.R. 1201.3(a), lists twenty possible types of appeals, but uses the language "includes."[2] That language, he avers, leaves the Board's jurisdiction open to other actions as well. The regulation, however, tracks the language of the statute, stipulating that "[t]he Board has jurisdiction over appeals from agency actions <u>when the appeals are authorized by law, rule, or</u>

---

[1] In his opening brief, Mr. Wheaton also argues the merits of his claim ostensibly because the court originally docketed the case with the USDA, rather than the Board, listed as the Appellee. Because subject matter jurisdiction is a threshold matter that must be established before reaching the merits, <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 88-89 (1998), we need not consider these arguments.

[2] In fact, the 2006 version of the regulation, in effect at the time of Mr. Wheaton's appeal, lists twenty-one types of appealable actions.

regulation." 5 C.F.R. 1201.3(a) (emphasis added). Notably, following each of the listed appeals, the regulation or statute that authorizes jurisdiction is referenced. Mr. Wheaton cites to no law, rule, or regulation that authorizes jurisdiction over his claim.

His claim appears to be a challenge to the USDA's change in policy regarding return rights. It alleges in part that the statement in the October 2, 2006, letter that "failure to respond to the notice will result in the agency initiating action to return you to the contiguous U.S.," is a threat of adverse action, namely, reassignment. The Board does not have jurisdiction over possible future adverse actions; rather, as explained by the administrative judge, the proper procedure is to petition the Special Counsel. 5 C.F.R. § 1201.2(a); Alford v. Dep't of Health, Educ. & Welfare, 1 M.S.P.R. 317, 319 (1980).[3]

Mr. Wheaton's claim also alleges that he was subjected to prohibited personnel practices under 5 U.S.C. § 2302(b)—wherein "personnel practices" are defined in 5 U.S.C. § 2302(a)—by the USDA's threat of reassignment and change in policy concerning tour renewal travel benefits, in violation of the merit system principles set forth in 5 U.S.C. § 2301(b) and in disregard of 5 U.S.C. § 5728. However, as noted by the administrative judge, the Board does not have jurisdiction over a claim to a prohibited personnel practice under 5 U.S.C. § 2302(b) independent of an otherwise

---

[3] Mr. Wheaton also relies on 5 C.F.R. § 1201.3(c) as a basis for jurisdiction. That portion of the regulation, however, is directed to employees covered by a collective bargaining agreement and provides that such employees may bring an appealable action involving a prohibited personnel practice via not more than one of the following channels: the Board, grievance procedures, or a petition to the Special Counsel. The regulation in no way mandates that all actions alleging a prohibited personnel practice are appealable. Instead, it requires that those actions that are appealable be brought in only a single forum.

appealable action. <u>Cruz v. Dep't of Navy</u>, 934 F.2d 1240, 1245 (Fed. Cir. 1991); <u>see</u> 5 U.S.C. § 7701(c)(2)(B) (if agency action is before the Board, prohibited personnel practice may be raised as an affirmative defense). "Congress . . . expressly recognized that not all prohibited personnel practices are appealable to the Board in authorizing the Special Counsel to seek corrective action for patterns of prohibited personnel practices which involve 'matters not otherwise appealable to the Board . . . .'" <u>Wren v. Dep't of Army</u>, 2 M.S.P.R. 1, 2 (1980).[4]  Nor can an allegation of a violation of a merit system principle under 5 U.S.C. § 2301 provide an independent basis for Board jurisdiction. <u>Phillips v. Gen. Servs. Admin.</u>, 917 F.2d 1297, 1298 (Fed. Cir. 1990).  Hence, we cannot find that the Board erred in determining that Mr. Wheaton did not establish jurisdiction by a preponderance of the evidence.

We also find no error by the Board in failing to order compliance with any discovery requests prior to determining that it lacked jurisdiction.  There is no reason to believe that additional fact discovery would have had any impact on jurisdiction, which is a question of law.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.

---

[4]    Although Mr. Wheaton also contends that jurisdiction is implied by virtue of the exclusionary phrase in 5 U.S.C. § 2302(e)(2), the court disagrees.  That provision pertains to veteran's preference requirements, over which the Board already has jurisdiction, and is not a grant of jurisdiction to the Board.