NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3242

BOHDAN SENYSZYN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED:  October 11, 2006

———————————————

Before MICHEL, <u>Chief Judge</u>, LOURIE and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Bohdan Senyszyn petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of the Treasury, Internal Revenue Service ("agency" or "IRS"), indefinitely suspending him from his position.  <u>Senyszyn v. Dep't of the Treasury</u>, No. PH0752050403-I-1 (M.S.P.B. Mar. 31, 2006) ("<u>Final Decision</u>").  We <u>affirm</u>.

DISCUSSION

I.

Mr. Senyszyn is employed by the agency as a GS-13, Step 10, Internal Revenue Agent in Patterson, New Jersey. On February 15, 2005, he was arrested and charged with violating 26 U.S.C. § 7214(a)(5). Section 7214(a)(5) makes it a crime for "[a]ny officer or employee of the United States acting in connection with any revenue law of the United States" to "knowingly make . . . opportunity for any person to defraud the United States." Mr. Senyszyn was charged based upon the criminal complaint of Mark Scrivanich, a Special Agent of the Treasury Inspector General for Tax Administration. In his complaint, Agent Scrivanich alleged that Mr. Senyszyn willfully diverted proceeds from the sale of real estate as part of a scheme to avoid the payment of taxes.

On February 15, 2005, Joseph Cesaro of the IRS proposed that Mr. Senyszyn be indefinitely suspended pending further investigation or resolution of the charges against him. According to Mr. Cesaro, the agency had reasonable cause to believe that Mr. Senyszyn had committed a crime for which a sentence of imprisonment could be imposed. Mr. Cesaro noted, inter alia, that the crime with which Mr. Senyszyn had been charged carried a maximum sentence of five years imprisonment; and that the alleged criminal conduct at issue bore a "direct connection" to Mr. Senyszyn's duties, which included "recognizing the indicators of fraudulent activity and developing appropriate referrals." By letter dated April 7, 2005, Lawrence Barnes, the agency's deciding official, sustained the proposed indefinite suspension. Mr. Senyszyn's suspension began on April 9, 2005.

Mr. Senyszyn timely appealed his suspension to the Board. After Mr. Senyszyn withdrew his request for a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which he sustained the agency's action. Senyszyn v. Dep't of the Treasury, No. PH-0752-05-0403-I-1 (M.S.P.B. Sept. 1, 2005) ("Initial Decision"). The Initial Decision became the final decision of the Board on March 31, 2006 when the Board denied Mr. Senyszyn's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d).[1] Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

In Dunnington v. Dep't of Justice, 956 F.2d 1151, 1155 (Fed. Cir. 1992), we stated that an agency may indefinitely suspend an employee "only when there has been an allegation of a serious crime, and only when the misconduct alleged bears a sufficient relationship to the employee's duties in the agency to warrant the action as promoting the efficiency of the service." Further, an agency may suspend an employee pending the outcome of criminal proceedings; however, it must terminate the

---

[1] As of March 31, 2006, the criminal investigation was still ongoing. However, on April 13, 2006, a grand jury indicted Mr. Senyszyn on seven counts of various tax-related felonies. United States v. Senyszyn, No. 2:06-Cr-00311 (D.N.J. April 13, 2006).

3

suspension within a reasonable time after resolution of the criminal charges.  Morrison v. Nat'l Sci. Found., 423 F.3d 1366, 1369 (Fed. Cir. 2005).

The main thrust of Mr. Senyszyn's appeal is that the decision of the Board cannot stand because the agency's deciding official failed to conduct an independent investigation into the charges against him before suspending him because he had not been indicted; and that the Board's decision is defective because the AJ failed to address what he refers to as "material issues."  Neither contention has merit.  The deciding official considered the criminal complaint and the accompanying sworn statement detailing the charges against Mr. Senyszyn.  This was all the agency was required to do.  See Dunnington, 956 F.3d at 1156-57.  At the same time, the AJ did not fail to address "material issues."  The matters to which Mr. Senyszyn points all relate to the merits of the criminal charges against him.  Because neither the agency nor the Board was required to determine Mr. Senyszyn's guilt or innocence, id., those matters were not relevant.

Finally, we have considered Mr. Senyszyn's various claims of harmful procedural error by the agency and the AJ.  Specifically, Mr. Senyszyn complains that the agency failed to consider hundreds of pages of evidence and that the AJ failed to follow statutes and regulations, failed to consider that Mr. Senyszyn was pro se, failed to rule on motions, and allowed additional evidence after the close of the record.  We find these claims to be without merit.  The agency's finding that there was a reasonable likelihood that a crime was committed has support in the record.  Mr. Senyszyn has not explained how the allegedly unconsidered evidence undermines the agency's finding of a reasonable likelihood that a crime was committed.  All he does is attack the merits of

4

the criminal charges against him. Nor did the AJ fail to follow any statutes or regulations. The AJ followed, as explained above, both <u>Dunnington</u> and <u>Morrison</u>. Although Mr. Senyszyn's <u>pro se</u> status may require "that administrative judges should provide more guidance to pro se appellants and interpret their arguments in the most favorable light," <u>O'Keefe v. U.S. Postal Service</u>, 318 F.3d 1310, 1316 (Fed. Cir. 2002) (quoting <u>Miles v. Dep't of Veterans Affairs</u>, 84 M.S.P.R. 418, 421 (1999)), Mr. Senyszyn has not explained how the AJ's decision violates our deferential standard of review. The AJ's explanation that he did not rule on some of Mr. Senyszyn's motions because they were "overcome by events prior to the [AJ's] chance to rule on them" is not an abuse of discretion. <u>Senyszyn</u>, No. PH-0752-05-0403-I-1, at 2 (M.S.P.B. July, 25, 2005). Moreover, Mr. Senyszyn does not elaborate on which motions were ignored nor how this created a harmful, <u>i.e.</u>, reversible, error. Finally, the AJ's allowing additional evidence into the record was within his discretion because he did so to allow the agency to rebut arguments Mr. Senyszyn raised for the first time in motions after the record was closed. <u>Id.</u> at 3.

For the foregoing reasons, the final decision of the Board sustaining Mr. Senyszyn's indefinite suspension is affirmed.