NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3155

BOHDAN SENYSZYN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

<u>Bohdan Senyszyn</u>, of Succasunna, New Jersey, pro se.

<u>Lisa L. Donahue</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Todd M. Hughes</u>, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3155

BOHDAN SENYSZYN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED:  July 16, 2007

———————————————

Before RADER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Bohdan Senyszyn petitions for review of the final order of the Merit Systems Protection Board ("Board") denying Mr. Senyszyn's petition for enforcement.  Senyszyn v. Dep't of the Treasury, No. PH3443060054-C-1, 105 M.S.P.R. 99 (M.S.P.B. 2007).  We affirm.

Mr. Senyszyn is employed by the Department of the Treasury, Internal Revenue Service ("IRS" or "agency").  On February 15, 2005, he was arrested and charged with violating 26 U.S.C. 7214(a)(5), which makes it a crime for an "employee of the United States acting in connection with any revenue law of the United States" to "knowingly

make[] opportunity for any person to defraud the United States." The complaint alleged, among other things, that Mr. Senyszyn diverted proceeds from the sale of real estate as part of a scheme to avoid the payment of taxes.

On February 25, 2005, an agency official proposed that Mr. Senyszyn be suspended indefinitely pending further investigation or resolution of the criminal charges against him. The deciding official sustained the proposed indefinite suspension in a letter dated April 7, 2005, and Mr. Senyszyn's suspension began on April 9, 2005. Like the notice of proposed suspension, the April 7, 2005 decision letter stated that Mr. Senyszyn's indefinite suspension would end "upon completion of the investigation or resolution of the criminal charges against [him]." Mr. Senyszyn appealed his suspension to the Board, and eventually, to this court. We affirmed the Board's decision to uphold the agency's imposition of an indefinite suspension. Senyszyn v. Dep't of the Treasury, 200 Fed. Appx. 990 (Fed. Cir. 2006).

On April 13, 2006, a federal grand jury indicted Mr. Senyszyn on seven counts. Included in the seven counts were four counts of "False Returns By An IRS Agent" in violation of 26 U.S.C. § 7214(a)(7), which makes it a crime for an "employee of the United States acting in connection with any revenue law of the United States" to "make[] or sign[] any fraudulent entry in any book, or make[] or sign[] any fraudulent certificate, return, or statement."[1] The indictment alleged, among other things, that Mr. Senyszyn created certain business entities for the purpose of avoiding the payment of taxes on

---

[1] The indictment also included two counts of "Tax Evasion" in violation of 26 U.S.C. § 7201 and one count of "Structuring Financial Transactions" in violation of 31 U.S.C. § 5324(a)(3).

proceeds from the sale of real estate, and prepared and caused to be filed fraudulent tax returns on behalf of those entities.

On April 16, 2006, Mr. Senyszyn filed a petition for enforcement with the Board, arguing that the agency improperly failed to terminate his suspension because the condition subsequent to the termination of his suspension had occurred. In his August 14, 2006 initial decision, the administrative judge found that the condition subsequent had not occurred and, accordingly, denied Mr. Senyszyn's petition. Senyszyn v. Dep't of the Treasury, No. PH3443060054-C-1 (M.S.P.B. Aug. 14, 2006) ("Initial Decision"). Subsequently, the full Board denied Mr. Senyszyn's petition for review of the administrative judge's decision, making the initial decision the final decision of the Board. Senyszyn v. Dep't of the Treasury, No. PH3443060054-C-1, 105 M.S.P.R. 99 (M.S.P.B. 2007)

Mr. Senyszyn now petitions this court for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

The only issue presented in this appeal is whether the condition subsequent to the termination of Mr. Senyszyn's indefinite suspension has occurred. This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

An indefinite suspension "continues for an indeterminate period of time and ends with the occurrence of the pending conditions set forth in the notice of action." 5 C.F.R.

§ 752.402. The notice of suspension stated that Mr. Senyszyn's suspension would end "upon completion of the investigation or resolution of the criminal charges against [him]." In his Initial Decision, the administrative judge found that the criminal proceedings instituted against Mr. Senyszyn on February 15, 2005 were still pending. He further found that the charges for which Mr. Senyszyn was eventually indicted on April 16, 2006 arose from the same underlying alleged criminal misconduct described in the February 15, 2005 criminal complaint. Accordingly, the administrative judge found that the condition subsequent to the termination of Mr. Senyszyn's suspension had not occurred and, accordingly, denied Mr. Senyszyn's petition for enforcement. This decision was not arbitrary and was supported by substantial evidence.[2]

Mr. Senyszyn nevertheless argues that the agency was required to terminate his suspension upon his April 16, 2006 indictment because he was not indicted for violating 26 U.S.C. § 7214(a)(5), which was the subsection of § 7214 listed in the February 15, 2005 criminal complaint. He argues that because he was ultimately indicted for violating § 7214(a)(7), the government was required to either reinstate him or institute new suspension proceedings. We find this argument to be without merit. The notice of suspension stated that his suspension would end "upon completion of the investigation or resolution of the criminal charges against [Mr. Senyszyn]." As stated above, the Board found that the criminal proceedings instituted against Mr. Senyszyn on February 15, 2005, were still pending and this finding was supported by substantial evidence.

---

[2] Indeed, we take judicial notice that the grand jury returned a superseding indictment on March 29, 2007, charging Mr. Senyszyn with an additional count. United States v. Senyszyn, 2:06-Cr-00311 (D. N.J. Mar. 29, 2007).

Finally, although Mr. Senyszyn argues that both the administrative judge and the full Board failed to address all material issues, he has not explained how either of these alleged failures undermines the Board's factual determination that the criminal proceedings against Mr. Senyszyn were still pending.

## CONCLUSION

We have carefully considered the remainder of Mr. Senyszyn's arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Board's denial of Mr. Senyszyn's petition for enforcement.