**Bohdan SENYSZYN, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

No. 2007–3297.

United States Court of Appeals, Federal Circuit.

Oct. 9, 2007.

Bohdan Senyszyn, pro se.

of New York, sitting by designation.

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The Department of the Treasury moves the court to summarily affirm the decision of the Merit Systems Protection Board in *Senyszyn v. Department of Treasury*, PH–0752–05–0403–C–2, 106 M.S.P.R. 249 (June 7, 2007). Senyszyn opposes and moves to "reopen" a previous petition for review. The Department replies.

The Department indefinitely suspended Senyszyn after he was arrested and charged with defrauding the United States in violation of 26 U.S.C. § 7214(a)(5). The Department informed Senyszyn that he was suspended until the "completion of investigation or resolution of the criminal charges" against him. Senyszyn appealed his suspension to the Board and eventually to this court. We affirmed the Board's decision, upholding the Department's imposition of an indefinite suspension. *Senyszyn v. Department of Treasury*, 200 Fed.Appx. 990 (Fed.Cir.2006).

Subsequently, a federal grand jury indicted Senyszyn on seven counts, including four counts of "False Returns By An IRS Agent," in violation of 26 U.S.C. § 7214(a)(7). Senyszyn filed a petition for enforcement with the Board, arguing that the Department improperly failed to terminate his suspension when he was not indicted for violating 26 U.S.C. § 7214(a)(5). The Board disagreed, finding that although Senyszyn was not indicted under § 7214(a)(5), the investigation or resolution of the criminal charges against Senyszyn related to his alleged fraud were ongoing and the suspension remained in effect. We affirmed. *Senyszyn v. Depart-*

*ment of Treasury,* 244 Fed.Appx. 347, 348 (Fed.Cir.2007).

Senyszyn filed another petition for enforcement with the Board. The Board denied this petition as before, finding that the criminal case against Senyszyn was still ongoing. Senyszyn now petitions this court for review of that disposition.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir. 1994). As discussed above, Senyszyn has already sought review of a Board decision rejecting his argument that his indefinite suspension should be terminated because he was not indicted under 26 U.S.C. § 7214(a)(5). We conclude that no substantial question exists regarding the outcome of this petition for review and that summary affirmance is appropriate.

Senyszyn also moves to reopen his petition for review decided by this court in 2006. The mandate issued long ago in that case and Senyszyn's motion is denied.

Accordingly,

IT IS ORDERED THAT:

(1) The Department's motion is granted and the Board's decision is summarily affirmed.

(2) Senyszyn's motion is denied.

(3) Each side shall bear its own costs.