# United States Court of Appeals for the Federal Circuit

04-3247

RICHARD E. MORRISON,

Petitioner,

v.

NATIONAL SCIENCE FOUNDATION,

Respondent.

George M. Chuzi, Kalijarvi, Chuzi & Newman, P.C., of Washington, DC, argued for petitioner. Of counsel was Elizabeth L. Newman.

Domenique Kirchner, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: The Arbitrator

# United States Court of Appeals for the Federal Circuit

04-3247

RICHARD E. MORRISON,

Petitioner,

v.

NATIONAL SCIENCE FOUNDATION,

Respondent.

_____

DECIDED:  September 20, 2005

_____

Before SCHALL, <u>Circuit Judge</u>, ARCHER and PLAGER, <u>Senior Circuit Judges</u>.

PLAGER, <u>Senior Circuit Judge</u>.

Richard E. Morrison successfully challenged an agency decision to suspend him indefinitely.  He then sought an award of attorney fees under the Back Pay Act.  The arbitrator who reversed the indefinite suspension imposed by the agency denied the fee request as not warranted in the interest of justice.  Because the arbitrator erred by changing his theory of the case as a basis for denying attorney fees, we reverse and remand for further proceedings.

BACKGROUND

Until his retirement in January 2005, Morrison was employed as a GS-15 senior economist at the National Science Foundation ("NSF" or "agency").  On October 24, 2002, Morrison and Sheila Veney, another NSF employee, were stuck on an elevator for about one hour.  Veney later alleged that Morrison had improperly touched her, and

she filed criminal assault and battery charges against him the following day. Thereafter, an agent of the Federal Protective Service interviewed Veney and prepared an affidavit in support of an arrest warrant. On November 15, 2002, an Arlington County, Virginia, magistrate issued an arrest warrant. Morrison was arrested on November 19, 2002, charged with assault and battery, and released on his own recognizance.

For more than four months after the alleged incident, Morrison remained at work. His supervisors instructed him to avoid contact with Veney. The record indicates that he complied with this directive, was productive at work, and encountered no difficulties with his supervisors or other colleagues.

On February 27, 2003, Morrison was tried in the General District Court for Arlington County before a single judge sitting without a jury. In a bench ruling, the trial judge declared Morrison guilty as charged. Though the offense of assault and battery in Virginia is a Class 1 misdemeanor punishable by imprisonment for up to one year, the judge placed Morrison on supervised probation for one year. The judge also directed him to undergo counseling and ordered him to stay away from Veney. Morrison immediately registered an appeal with the Circuit Court. The charges against Morrison were eventually dismissed.

On receipt of the trial judge's ruling, NSF placed Morrison on administrative leave. Then, in a March 11, 2003, letter, NSF proposed to suspend Morrison indefinitely. The agency invoked the "crime exception" to the thirty-day notice rule and gave Morrison only seven days to file a written reply. On March 25, 2003, the agency indefinitely suspended Morrison, effective the following day.

04-3247                                     2

Morrison challenged the agency's suspension action by filing a grievance under the collective bargaining agreement between the American Federation of Government Employees and the NSF. After the grievance was denied, Morrison's case proceeded to arbitration. The arbitrator held a hearing on June 13, 2003, and on August 11, 2003, issued a decision in which he overruled the agency's indefinite suspension and ordered that Morrison be reinstated with back pay. He returned to work on October 14, 2003.

Morrison then sought an award under the Back Pay Act of attorney fees and costs incurred in challenging the indefinite suspension. The arbitrator rejected Morrison's contention that the agency action was "clearly without merit" and accordingly denied the fee request.

Morrison timely petitioned for review of the arbitrator's decision in this court. We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703. Girani v. F.A.A., 924 F.2d 237, 239 (Fed. Cir. 1991).

DISCUSSION

We review an arbitrator's decision "in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board." 5 U.S.C. § 7121(f). Thus, we will uphold the arbitrator's denial of attorney fees unless that decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

In order to determine whether Morrison was entitled to attorney fees, we first consider the basis for the arbitrator's reversal of the agency's decision to suspend Morrison indefinitely. There are two requirements for imposing an indefinite suspension

04-3247                                                    3

with a shortened notice period: the agency must have reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment could be imposed, 5 U.S.C. § 7513(b)(1), and the suspension must promote the efficiency of the service, 5 U.S.C. § 7513(a).[*] Dunnington v. Dep't of Justice, 956 F.2d 1151, 1155 (Fed. Cir. 1992). To show that the suspension promotes the efficiency of the service, the agency must establish a nexus between the employee's alleged acts of misconduct and the efficiency of the service. Id.

In Dunnington, we emphasized that an indefinite suspension with less than thirty days notice is an extraordinary action to be taken by the agency only in compelling circumstances. Id. at 1156. The purpose of such a summary suspension is to protect the public and agency personnel, not to discipline the employee. See id. As we stated in that case, the procedure "is available only when there has been an allegation of a serious crime, and only when the misconduct alleged bears a sufficient relationship to the employee's duties in the agency to warrant the action as promoting the efficiency of the service." Id. While a suspension under those circumstances may be indefinite, it is not unlimited. Richardson, 47 F.3d at 419. The agency may suspend the employee pending the outcome of criminal proceedings, but then the agency must terminate the suspension within a reasonable amount of time after resolution of the criminal charges. Id.; Dunnington, 956 F.2d at 1156.

---

[*]      While 5 U.S.C. § 7513(b)(1) refers only to the agency's decision to waive the thirty-day notice period when proposing an adverse action, the same standard—that there is reasonable cause to believe the employee committed a crime for which a sentence of imprisonment may be imposed—has been applied as well to the agency's decision to impose an indefinite suspension. Pararas-Carayannis v. Dep't of Commerce, 9 F.3d 955, 957 n.4 (Fed. Cir. 1993); see also Richardson v. United States Customs Serv., 47 F.3d 415, 419 (Fed. Cir. 1995).

The arbitrator in this case correctly recognized that an indefinite suspension is to be imposed only as an emergency measure. In overruling Morrison's indefinite suspension, the arbitrator focused on the timing of the agency's action. He explained that an indefinite suspension is not an action to be withheld until an employee has been convicted of a crime, but rather it is a tool to be applied while awaiting the certainty produced by a court decision. Put another way, a court decision typically serves as the trigger for some appropriate agency disposition pursuant to proper procedures and for terminating an indefinite suspension, not initiating one.

In this case, the agency allowed Morrison to continue working for more than four months while the criminal case against him was adjudicated. The agency took appropriate steps to safeguard its personnel in the workplace, such as instructing Morrison to avoid contact with Veney. Morrison apparently had no problems with Veney or any other coworkers during the period of time he remained at work.

While the arbitrator did not express his decision in terms of promoting the efficiency of the service, we understand the lack of a nexus to be the implicit basis for the arbitrator's reversal of the agency's action. As the arbitrator noted, Morrison's status as a productive employee who complied with his supervisors' instructions did not suddenly change in March 2003, and there was no reason to believe that his conduct in the ensuing weeks or months would be any different than it had been during the previous four months. Under the circumstances presented by this case, there is no evidence that an indefinite suspension imposed more than four months after the alleged misconduct would promote the efficiency of the service.

We also note that whether there was reasonable cause at the time of Morrison's arrest to believe a crime had been committed and whether the agency properly could have suspended Morrison at that time are questions not before us. The agency in this case waited until after a judicial determination had been rendered, and the arbitrator correctly determined that an indefinite suspension at that juncture was inappropriate.

That brings us to the issue before us on appeal, which is whether the arbitrator properly denied attorney fees in view of his decision on the merits. Under the Back Pay Act, Morrison is entitled to reasonable attorney fees in accordance with the standards established under 5 U.S.C. § 7701(g). See 5 U.S.C. § 5596(b)(1)(A); Dunn v. Dep't of Veterans Affairs, 98 F.3d 1308, 1311 (Fed. Cir. 1996). That statute provides that reasonable attorney fees may be awarded if the employee was the prevailing party and a fee award is "warranted in the interest of justice." 5 U.S.C. § 7701(g)(1). As far as the former requirement is concerned, it is undisputed that Morrison was the prevailing party in the arbitration. In determining whether the latter requirement has been satisfied, we look to five non-exclusive criteria first articulated by the Board in Allen v. United States Postal Service, 2 M.S.P.B. 582 (1980). Dunn, 98 F.3d at 1311-12. Under the second category set forth in Allen, a fee award is in the interest of justice if the agency action was "clearly without merit or wholly unfounded" or the employee was "substantially innocent of the charges" brought against him by the agency. Dunn, 98 F.3d at 1312.

Morrison, relying on the second Allen factor, argues that his indefinite suspension was clearly without merit. In disagreeing with Morrison on this point, the arbitrator retreated from his earlier position that the agency's decision to wait until after the trial court decision to suspend Morrison was "a misconception of the nature and purpose of

the indefinite suspension."  Instead, the arbitrator in his fee decision stated that "[t]here was nothing in the existing literature respecting the use of the [indefinite suspension] mechanism by which the holding should have been anticipated, and I saw the case as presenting a close call."  Not only is that statement inaccurate in view of this court's case law indicating that an indefinite suspension is intended for use only as an emergency procedure, but it is also inconsistent with the arbitrator's own earlier decision overruling the agency's action.

Whether an award of fees is in the interest of justice under the second Allen factor must be determined by examining the arbitrator's decision, not the evidence and information available to the arbitrator.  See Yorkshire v. Merit Sys. Prot. Bd., 746 F.2d 1454, 1457 (Fed. Cir. 1984).  Therefore, the arbitrator may not revise the merits decision as a basis for denying attorney fees.  See id. at 1458.  In doing so in this case, the arbitrator acted arbitrarily.  Accordingly, we reverse the arbitrator's denial of attorney fees and remand the case for further proceedings consistent with this opinion.

REVERSED and REMANDED