NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3206

GARY WELCH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Gregory T. Jaeger, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Arbitrator Decision

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3206

GARY WELCH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

--------

DECIDED:  March 14, 2007

--------

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

DECISION

Gary Welch petitions for review of the decision of an arbitrator, which upheld Mr. Welch's permanent demotion by the Department of Veterans Affairs ("VA"). Dep't of Veterans Affairs v. Am. Fed'n of Gov't Employees, FMCS No. 05-04679 (Watkins, Arb.) ("Arbitration Decision").  We affirm-in-part, vacate-in-part, and remand.

DISCUSSION

I.

On March 14, 2005, the VA proposed the removal of Mr. Welch, a police officer for the VA, based on five charges. At the time of the events in question, Mr. Welch was suspended from his VA police officer position based upon two incidents not at issue here. Mr. Welch previously had been employed as a police officer by the Department of Defense ("DOD") at Fitzsimons Army Medical Center. Important to this appeal are two of the charges against Mr. Welch, Charges #4 and #5. These charges arose out of a traffic accident in which Mr. Welch was involved. The accident, which was a "fender bender," occurred in Aurora, Colorado, on December 3, 2004. Charges #4 and #5 were as follows:

> Charge #4: Violation of VA Directive 0730, Paragraph 2c(6)(b), which states, "VA police officers will promptly inform the supervisor if arrested for any criminal offense except for traffic and parking citations .... "
>
> Specification: Correspondence from the Aurora Police Department advised that on December 3, 2004, you had been placed under arrest and charged with driving a vehicle while under the influence of alcohol, careless driving, and failing to give information in an accident (hit and run) by an officer of the Aurora Police Department. You failed to advise any Police Service supervisor of the arrest as required by the directive.
>
> Charge #5: Providing False Information to Aurora Police Department.
>
> Specification: On December 3, 2004, you were arrested by a Police Officer of the Aurora Police Department. Correspondence from the Aurora Police Department indicates that when you were stopped and asked for identification, you presented a United States Department of Defense (DOD) Police Badge and a DOD Police Identification Card. Those documents and your action in presenting them falsely identify your employment status.

The deciding official affirmed three of the charges (Charges #4 and #5 and Charge #1, which is not relevant to this appeal), but reduced the punishment from removal to

permanent demotion to file clerk. Consequently, Mr. Welch, who had been employed by the VA as a police officer, FS-083-7, step 7, was permanently demoted to file clerk, GS-305-4, step 10. Mr. Welch appealed the deciding official's determination, which the parties agreed to present to an arbitrator for a decision on the merits.

For Charges #1 and #4, the arbitrator found that the agency had either failed to carry its burden or had shown only a de minimis violation. Arbitration Decision at 17. The arbitrator sustained the remaining charge, Charge #5. Id. The arbitrator's decision on Charge #5 involved credibility determinations. The arbitrator decided to credit the testimony of the police officer to whom Mr. Welch presented the DOD Police Badge and Identification Card over that of Mr. Welch. Id. at 13-16.

The arbitrator then reviewed the demotion penalty under the Douglas factors. Id. at 19-20 (citing Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981)). The arbitrator determined that the VA would have lost its trust in Mr. Welch and that the permanent demotion to file clerk was appropriate. The arbitrator also explained:

> In his current position, [Mr. Welch's] wage has been "red circled" so as to assure that he has no loss of pay; but his career has been in law enforcement, he wishes it to continue there, and he feels he has been unfairly deprived of it. Unfortunately, however, he has compromised that position. The Agency has a very small police force and has determined, without contravention, there is no position within it suitable for [Mr. Welch].

Arbitration Decision at 21-22.

Mr. Welch timely appealed. We have jurisdiction pursuant to 5 U.S.C. § 7703.

## II.

In a dispute between a federal employer and employee, an arbitrator applies the same legal standards as apply in an appeal to the Merit Systems Protection Board ("Board"). Martin v. Dep't of Veterans Affairs, 412 F.3d 1258, 1263-64 (Fed. Cir. 2005).

Similarly, this court reviews an arbitrator's decision under the same standard that it would employ in its review of a decision by the Board. Morrison v. Nat'l Sci. Found., 423 F.3d 1366, 1368 (Fed. Cir. 2005). Our scope of review is limited. Specifically, we must affirm the arbitrator's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required law, rule, or regulation having been followed; or unsupported by substantial evidence. Id. (citing 5 U.S.C. § 7703(c)); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Mr. Welch makes essentially three main arguments. First, he argues that substantial evidence does not support the arbitrator's decision to sustain Charge #5. He argues that the DOD police credentials he presented were not false or fraudulent, given that the top half of the DOD badge, which denotes active duty, is gone and "retired" is inscribed on the back. He additionally contends that the fact he gave the Aurora police officer his current work number at the VA Medical Center negates any inference that he was trying to deceive the officer into thinking he currently was a police officer for the DOD at Fitzsimons Army Medical Center. Second, Mr. Welch asserts that the arbitrator's decision is contrary to law because both the arbitrator and the deciding official sustained his demotion based on allegations not contained in the notice of proposed removal. Specifically, he argues that because the charge of providing false information was not in the notice of proposed removal, his demotion may not be sustained on that basis. Third, Mr. Welch asserts at several points in his brief that the arbitrator misunderstood the penalty that was imposed on him. Appellant's Br. at 11-12, 14, 19. Mr. Welch argues that the arbitrator was unaware that his demotion resulted

in a permanent loss of pay, given that the arbitrator explicitly stated that Mr. Welch's wage had been "'red circled' so as to assure that he has no loss of pay." Appellant's Br. at 11 (citing Arbitration Decision at 21). Mr. Welch asserts that there is no evidence for the arbitrator's belief that his wage had been "red-circled." Appellant's Br. at 14.

The government argues on appeal that the arbitrator's decision should be affirmed because it is supported by substantial evidence. The government contends that the arbitrator's conclusion that Mr. Welsh offered his DOD police credentials for an improper purpose is reasonable and based on credibility determinations made by the arbitrator based upon the testimony at the hearing. The government also asserts that the arbitrator's decision is not contrary to law because the notice of proposed removal, namely the specifications for Charges #4 and 5, does implicate the charge of false information. The government does not address Mr. Welch's contention that the arbitrator misunderstood the nature of his penalty.

We agree with the arbitrator's decision to sustain the charge of presenting misleading credentials. It appears, however, that there is an unresolved question as to the nature of Mr. Welch's penalty. We therefore vacate the portion of the Arbitration Decision sustaining the penalty and remand the case to the arbitrator for a finding as to whether Mr. Welch's penalty entailed a reduction in his wage and a new determination as to the reasonableness of the penalty based upon that finding.

III.

With regard to the arbitrator's decision to sustain the charge of presenting misleading credentials, we hold that substantial evidence supports both the finding that the DOD police credentials constituted false information and that Mr. Welch intended to

deceive the Aurora police officer. At the time of his arrest, Mr. Welch was employed by the VA as a file clerk, having been suspended from his VA police officer position. Although Mr. Welch alleges that his DOD badge did not contain the top half denoting active duty and was inscribed with "retired," Mr. Welch presented his DOD badge and identification card to the Aurora police officer when asked to prove he was a police officer and did not state that the credentials were "former" or "old." Arbitration Decision at 15. Moreover, Mr. Welch, in response to the police officer's question of where he worked, stated that he worked on "Fitz" (Fitzsimons Army Medical Center), even though he had not worked there for more than five years. Id. at 15. In reviewing the misrepresentation charge, the arbitrator decided to credit the police officer's testimony during the hearing over that of Mr. Welch. We decline to disturb this credibility determination, which was within the arbitrator's discretion. See Raney v. Federal Bureau of Prisons, 222 F.3d 927, 939 (Fed. Cir. 2000) ("Credibility determinations are within the discretion of the arbitrator and are virtually unreviewable on appeal.").

Additionally, we hold that the arbitrator's decision to sustain the charge of presenting misleading credentials is not contrary to law, given that the notice of proposed removal refers to Mr. Welch's December 3, 2004 arrest and to the fact that he presented a DOD Police Badge and a DOD Police Identification Card to the Aurora police officer. The specificity of the notice of proposed removal therefore was sufficient so as to provide Mr. Welch the opportunity to make an informed reply. See, e.g., Brook v. Corrado, 999 F.2d 523, 526-27 (Fed. Cir. 1993) ("A notice of proposed removal is sufficient . . . when it apprises the employee of the nature of the charges in sufficient detail to allow the employee to make an informed reply.") (internal citation omitted).

Because the arbitrator's decision to sustain the charge of misleading credentials is supported by substantial evidence and not contrary to law, we affirm this portion of the decision.

IV.

As to the arbitrator's understanding of Mr. Welch's penalty, the arbitrator explicitly noted in his decision that "[Mr. Welch's] wage has been 'red-circled' so as to assure that he has no loss of pay." Arbitration Decision at 21. The record, however, contains no indication that Mr. Welch's wage was "red-circled," and the government does not dispute Mr. Welch's assertion that, in actuality, his demotion resulted in an annual salary decrease of $10,000, Appellant's Br. at 14. The only indication in the record as to what penalty Mr. Welch incurred is in the May 10, 2005 Decision on Proposed Removal, stating that "a decision has been made to transfer you from your position as a Police Officer, GS-083-7, step 7, in Police Service and assign you to the position of File Clerk, GS-305-4, step 10, Patient Records File Section, Business Office." In view of the apparent discrepancy between the record and the arbitrator's belief regarding Mr. Welch's wage, we conclude that the arbitrator's finding that Mr. Welch's wage was "red-circled" is not supported by substantial evidence.

A correct understanding of the nature of a penalty is a prerequisite to a determination of the reasonableness of the penalty. We therefore vacate the arbitrator's decision that the penalty imposed upon Mr. Welch was reasonable and remand the case for (i) a factual finding as to whether Mr. Welch's demotion entailed a reduction in his pay and (ii) a determination as to the reasonableness of the penalty based upon that finding.

For the foregoing reasons, the decision of the arbitrator is affirmed-in-part, vacated-in-part, and remanded.[*]

---

[*] No transcript of the hearing was made, and following his decision, the arbitrator destroyed the notes he took during the hearing. Likewise, following his decision, the arbitrator destroyed the hearing exhibits. Clearly, the better course is for the hearing record to be maintained intact until the appellate process is completed. Had that course been followed in this case, it is possible that a remand for further proceedings would not have been necessary.