NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3091


GEORGE H. REED,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Peter B. Broida, of Arlington, Virginia, argued for petitioner.

Harold D. Lester, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent.  On the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, and J. Reid Prouty, Trial Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3091

GEORGE H. REED,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752060535-I-2.

_____

DECIDED: August 29, 2008

_____

Before NEWMAN, SCHALL, and MOORE, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

George H. Reed petitions for review of the final decision of the Merit Systems Protection Board ("Board") which sustained the action of the Department of the Army ("agency") suspending him from his position indefinitely pending resolution of criminal charges against him. Reed v. Dep't of the Army, No. PH-0752-06-0535-I-2 (M.S.P.B. Oct. 26, 2007) ("Final Decision"). We reverse and remand.

DISCUSSION

I.

The pertinent facts are not in dispute. During the relevant period of time, Mr. Reed was employed as an Information Technology manager at Fort Monmouth, New Jersey. Reed v. Dep't of the Army, No. PH-0752-06-0535-I-2, slip op. at 2 (M.S.P.B. Apr. 11, 2007) ("Initial Decision"). On July 28, 2005, he was indicted in state court in New York on two counts of criminal conduct. Id. at 3. On May 16, 2006, after learning of the indictment, Raymond Russomano, the Director of the Directorate for Information Management at Fort Monmouth, informed Mr. Reed that he was proposing his indefinite suspension pending the outcome of the criminal proceedings. Id. at 2. Ten days later, George Fitzmaier, Deputy to the Garrison Commander, informed Mr. Reed that he was indefinitely suspended. Id. On January 18, 2007, however, the indictment against Mr. Reed was dismissed. Id. at 3. As a result, the agency terminated the indefinite suspension and restored Mr. Reed to his position. He remains employed at Fort Monmouth.

Mr. Reed appealed his suspension to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which he sustained the agency's action. Id. at 9. The AJ determined that the agency had established by a preponderance of the evidence that the requirements for an indefinite suspension, see Morrison v. Nat'l Sci. Found., 423 F.3d 1366, 1368–69 (Fed. Cir. 2005); Dunnington v. Dep't of Justice, 956 F.2d 1151, 1155 (Fed. Cir. 1992), had been met. Initial Decision, slip op. at 9. The AJ found that the agency had had reasonable cause to believe that Mr. Reed had committed a crime for which a term of

imprisonment could be imposed; that the suspension had an ascertainable end; that there was a nexus between the criminal charges against Mr. Reed and the efficiency of the service; and that the suspension was reasonable. See generally id. The Initial Decision became the final decision of the Board when the Board denied Mr. Reed's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision, slip op. at 1–2.

## II.

We have jurisdiction over Mr. Reed's appeal pursuant to 28 U.S.C. § 1295(a)(9). Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See also Kewley v. Dep't of Health & Human Servs., 154 F.3d 1357, 1361 (Fed. Cir. 1998).

Mr. Reed's sole argument on appeal is that the Board's finding that there was a nexus between the charges against him and the efficiency of the service is not supported by substantial evidence. Specifically, Mr. Reed contends that the agency failed to establish a "demonstrable connection" between his job duties and the off-duty offense with which he was charged. The agency responds that substantial evidence does support the Board's nexus finding. In making this argument, it relies upon the testimony of Mr. Fitzmaier and Robert Zona, Mr. Reed's immediate supervisor.

We agree with Mr. Reed that the Board's finding of a nexus between the charges against him and the efficiency of the service is not supported by substantial evidence. Having reviewed the pertinent evidence—the testimony of Mr. Reed, Mr. Fitzmaier, and

Mr. Zona—we are left with the conclusion that, when the agency decided to suspend Mr. Reed, it relied overwhelmingly on speculation in determining that he posed a danger to the Fort Monmouth community and that his presence at Fort Monmouth while charges were pending against him would be disruptive.

For the foregoing reason, the final decision of the Board sustaining Mr. Reed's indefinite suspension is reversed. The case is remanded to the Board for a determination of the relief to which Mr. Reed is entitled as a result of the agency's improper action in suspending him.