NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LANCE REYNOLDS,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2025-1773

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-23-0078-I-2.

---

Decided:  June 5, 2026

---

LANCE REYNOLDS, Annapolis, MD, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE; COLLEEN BERRY, Federal Bureau of Prisons, United States Department of Justice, Stockton, CA.

---

Before DYK and REYNA, *Circuit Judges*, and BISSOON, *Chief District Judge*.[1]

PER CURIAM.

Petitioner Lance Reynolds was an employee of the Department of Justice ("agency") employed as a Reentry Affairs Coordinator at United States Penitentiary Big Sandy in Kentucky, a law enforcement position. Mr. Reynolds, proceeding pro se, petitions for review of a Merit Systems Protection Board ("Board") decision upholding his indefinite suspension by the agency following his indictment for sexual abuse. We *affirm*.

## BACKGROUND

Mr. Reynolds began service at the Big Sandy penitentiary in November 2019 as a Reentry Affairs Coordinator. In 2021, two other employees alleged to the agency that Mr. Reynolds had sexually assaulted them, and the Office of Inspector General ("OIG") at the Department of Justice opened an investigation. On July 8, 2022, a Kentucky grand jury indicted Mr. Reynolds based on his alleged conduct toward one coworker, charging him with Sexual Abuse in the Third Degree, a state misdemeanor offense with a maximum penalty of 90 days' imprisonment. *See* Ky. Rev. Stat. §§ 510.130(3), 532.090(2).

On July 12, 2022, in response to the indictment, the agency placed Mr. Reynolds on administrative leave with pay. On August 15, 2022, the agency informed Mr. Reynolds that it proposed to suspend him indefinitely without pay, and on October 14, 2022, the warden of the Big Sandy penitentiary informed Mr. Reynolds that he would be indefinitely suspended without pay. The warden cited "the

---

[1]    Honorable Cathy Bissoon, Chief District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

extremely serious nature of the criminal charges against [Mr. Reynolds]" and determined that they outweighed the factors of his previous successful performance and prior military service. S. App'x 85.[2] The warden informed Mr. Reynolds that the suspension would "remain in effect until such time as there is a disposition of the charges against you, or there is sufficient evidence to either return you to duty or to support administrative action against you." S. App'x 86. Mr. Reynolds's indefinite suspension without pay began on October 20, 2022.

On May 8, 2023, a Kentucky court issued an order amending the sexual abuse charge against Mr. Reynolds to Harassment under Kentucky Rev. Stat. § 525.070(1)(a) and placing the amended charge on diversion, a deferral that would result in eventual dismissal subject to Mr. Reynolds's compliance with certain conditions. These conditions included that Mr. Reynolds would not commit new violations of law and that he would not contact or approach the complaining witness. On May 22, 2023, the agency ended Mr. Reynolds's indefinite suspension without pay, informing Mr. Reynolds that he would be placed on paid administrative leave until further notice. The OIG investigation was not completed until after the resolution of the criminal proceeding, consistent with the agency's usual practice.

Mr. Reynolds, then represented by counsel, appealed to the Board, challenging his indefinite suspension without pay and seeking back pay from the beginning of that suspension. Before the administrative judge, Mr. Reynolds represented that he did not contend that the indefinite suspension was improperly based on his indictment but argued that the agency should have cleared him to return to paid duty more promptly. The administrative judge found

---

[2] Citations to "S. App'x" refer to the Corrected Supplemental Appendix filed by the respondent. Dkt. No. 41.

that the agency imposed the suspension for an authorized reason and that it "properly continued the suspension pending the outcome of the criminal proceeding against [Mr. Reynolds] when he entered into a diversion agreement" and issued an initial decision affirming the indefinite suspension on September 6, 2023.  App'x 7.[3]  The Board denied Mr. Reynolds's petition for review and affirmed the initial decision as the Board's final decision on March 20, 2025.

Mr. Reynolds, now pro se, timely petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may only set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).  "We review the Board's legal decisions de novo and its findings of fact for substantial-evidence support."  *Reyes v. Merit Sys. Prot. Bd.*, 159 F.4th 1356, 1359 (Fed. Cir. 2025).

On review, it is unclear what arguments Mr. Reynolds is making.  In his informal opening brief, Mr. Reynolds appears to contend that the indefinite suspension was unjustified from the outset.  In reply, he disavows this theory, stating it "is not" a "challenge to the initial imposition of an indefinite suspension" and argues as he did before the Board that the internal investigation should have been completed at an earlier date and that he should have been restored to paid leave status at an earlier date.  Pet'r's Informal Reply Br. 1.  While the former argument appears to

---

[3]    Citations to "App'x" refer to the Appendix filed by Mr. Reynolds.  Dkt. No. 23.

have been waived before the Board, neither argument has merit.

First, the Board did not err in sustaining the imposition of the indefinite suspension. "[T]o sustain an indefinite suspension, the agency must establish by a preponderance of the evidence that it had reasonable cause to believe the employee committed a crime for which imprisonment may be imposed." *Pararas-Carayannis v. Dep't of Com.*, 9 F.3d 955, 957 (Fed. Cir. 1993) (footnotes omitted). "[A]n indictment for a crime for which a sentence of imprisonment may be imposed will, as a general rule, provide reasonable cause . . . ." *Henderson v. Dep't of Veterans Affs.*, 878 F.3d 1044, 1055 (Fed. Cir. 2017) (quoting *Richardson v. U.S. Customs Serv.*, 47 F.3d 415, 419 (Fed. Cir. 1995)). Additionally, the agency "must prove that the suspension would promote the efficiency of the service." *Pararas-Carayannis*, 9 F.3d at 957 (citing 5 U.S.C. § 7513(a)).

The agency's decision to suspend Mr. Reynolds based on the criminal charge finds ample support in our cases. *See Dunnington v. Dep't of Just.*, 956 F.2d 1151, 1157 (Fed. Cir. 1992) ("[A]n indictment following an investigation and grand jury proceedings[] would provide, absent special circumstances, more than enough evidence of possible misconduct to meet the threshold requirement of reasonable cause to suspend."); *Richardson*, 47 F.3d at 419 ("[W]hen the nature of the crime alleged relates to the employee's ability to perform his or her duties, an agency may summarily suspend the employee, without pay, pending the outcome of the criminal proceedings.").

Mr. Reynolds argues that the agency failed to demonstrate a nexus between his alleged conduct and the efficiency of the service. The agency and the Board identified ample nexus between the alleged conduct and the efficiency of the service—sexual misconduct that was "antithetical to [Mr. Reynolds's] role as a Federal law enforcement officer"

and that would "implicate [his] ability to perform [his] duties" requiring him to be "directly responsible for the supervision and correction of inmates." S. App'x 86. Moreover, the alleged conduct underlying the indictment was alleged to have occurred while Mr. Reynolds was on duty and involved a coworker.

Mr. Reynolds also argues that the Board failed to consider mitigating factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), supporting a lesser penalty. Mr. Reynolds raises that he (1) "[h]ad no prior discipline"; (2) "[w]as never arrested or convicted"; (3) "[d]enied the allegations throughout"; (4) "[u]ltimately had the case dismissed"; and (5) "[s]uffered several emotional, physical, and mental hardship from months without pay." Pet'r's Br. 9. However, except for his lack of prior discipline, these facts are not relevant under *Douglas*. *See Connor v. Dep't of Veterans Affs.*, 8 F.4th 1319, 1324 (Fed. Cir. 2021) (quoting *Douglas*, 5 M.S.P.R. at 305–06). As for Mr. Reynolds's lack of prior discipline and satisfactory work record, the deciding official explicitly recognized "that [his] performance has been at a successful level or higher" but found that fact to be outweighed by the seriousness of alleged misconduct. S. App'x 85. The Board did not err in determining that the deciding official "considered all relevant aggravating and mitigating factors in determining that an indefinite suspension was the appropriate penalty." App'x 9.

Second, Mr. Reynolds argues that the suspension should have been terminated earlier. An agency may suspend an employee "pending the outcome of criminal proceedings, but then the agency must terminate the suspension within a reasonable amount of time after resolution of the criminal charges." *Morrison v. Nat'l Sci. Found.*, 423 F.3d 1366, 1369 (Fed. Cir. 2005). The agency restored Mr. Reynolds to paid status fifteen days after entry of the diversion order. We see no error in the Board's determination that the agency had reasonable cause to

REYNOLDS v. DOJ                                                    7

indefinitely suspend Mr. Reynolds until his criminal case was resolved, and Mr. Reynolds has not established that the agency should have terminated his suspension at an earlier date.

We have considered Mr. Reynolds's remaining arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.